**DLD-170**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3623
_____

BLEDVAN MAMO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A76 821 266)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted on the Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011

Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed:  June 10, 2011  )
_____

OPINION
_____

PER CURIAM

Petitioner Bledvin Mamo petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ")

denial of an application for adjustment of status.  The Government has filed a "Motion

for Summary Disposition," arguing that Mamo's arguments have been foreclosed by our decision in Delgado-Sobalvarro v. Attorney General, 625 F.3d 782 (3d Cir. 2010). Because we agree, we will grant the Government's motion, which we will treat as a motion for summary action, and deny the petition for review.

Mamo, a citizen of Albania, entered the United States in 1998 without having been inspected, admitted, or paroled. He was served with a Notice to Appear charging him as removable pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. Mamo conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), alleging that he was persecuted in Albania on account of his political activities. In October 1999, the IJ found that Mamo's story was not credible, and denied his applications for relief. Mamo appealed the IJ's decision to the BIA.

While his appeal was pending, Mamo married a United States citizen and filed a motion to remand, seeking to apply for adjustment of status. The matter was remanded to the Immigration Court, and a hearing was scheduled for June 2003. Neither Mamo nor his attorney appeared for the hearing. As a result, the IJ entered an order of removal in absentia. Later, however, the Government joined in a motion to reopen to allow Mamo to adjust his status based on his wife's approved visa petition.

2

Meanwhile, in early 2004, Immigration and Customs Enforcement officials took Mamo into custody and detained him for several months.[1]  On December 13, 2004, Mamo posted bond and was released from custody.  On January 12, 2007, Mamo appeared before the IJ on his application to adjust his status, claiming that he was eligible for adjustment under INA § 245(a) [8 U.S.C. § 1255(a)].  Under that section, however, adjustment of status is available only to aliens who were "inspected and admitted or paroled into the United States."  Id.  Mamo conceded that he had entered the country without inspection, but argued that he was "paroled into the United States" when he was released on bond on December 13, 2004.  The IJ rejected Mamo's argument, noting that he did not present any documentation to prove that he had been "admitted or paroled," "rather than simply released on bond during the pendency of proceedings." Consequently, the IJ denied Mamo's application for adjustment of status under § 245(a).[2] Mamo appealed.  Upon review, the BIA adopted and affirmed the IJ's opinion, stating that "[r]elease of an alien in removal proceedings upon payment of bond does not mean that the alien has been 'paroled into the United States' for purposes of section 245(a)."

---

[1] Mamo had also been taken into custody shortly after his arrival in the United States.  That time, he posted bond and was released on February 6, 1998.

[2] The IJ further found that Mamo was not eligible to adjust his status under INA § 245(i) [8 U.S.C. § 1255(i)] because his wife's visa petition was not filed within the requisite period.  See INA § 245(i) (allowing aliens who entered without inspection to adjust if the visa petition was filed on or before April 20, 2001).  Mamo does not challenge this determination in these proceedings.

Mamo filed a timely petition for review. After Mamo filed his brief, the Government filed a motion for summary action.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252], and exercise plenary review over the Board's determination that Mamo was statutorily ineligible for adjustment of status. See Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir. 2005). Summary action is reserved for situations where, for example, "no substantial question" is presented by the appeal, or where "subsequent precedent . . . warrants such action." Third Circuit LAR 27.4 and I.O.P. 10.6; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

As noted, aliens are eligible to adjust status under INA § 245(a) only if, inter alia, they were "inspected and admitted or paroled into the United States." Parole of aliens is authorized by two separate provisions of the INA. Delgado-Sobalvarro, 625 F.3d at 785. The first provision, INA § 212(d)(5)(A) [8 U.S.C. § 1182(d)(5)(A)], permits the Attorney General to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ." The second parole provision, INA § 236(a) [8 U.S.C. § 1226(a)], provides for the "conditional parole" of aliens who are detained pending a final removal decision:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

INA § 236(a).

Mamo contends that his December 2004 release from custody on bond constituted "conditional parole" under INA § 236(a)(2)(B),[3] which rendered him eligible to adjust his status pursuant to § 245(a). We rejected this argument in Delgado-Sobalvarro, which was decided after Mamo filed his petition for review. See 625 F.3d at 786. In that case, we analyzed the BIA's determination that "'conditional parole' under section

---

[3] The Government agrees that Mamo's release constituted a conditional parole pursuant to INA § 236. Motion for Summary Disposition, 6 n.4. We are not convinced, however, that Mamo was conditionally paroled, see § 236(a)(2)(B), as opposed to simply being released on a "bond . . . containing conditions prescribed by . . . the Attorney General," see § 236(a)(2)(A). Indeed, none of the documents associated with Mamo's December 2004 release suggest that he was conditionally paroled. Cf. Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1115 (9th Cir. 2007) (holding that alien was conditional paroled where, inter alia, he was "issued a form entitled 'Order of Release on Recognizance,' [which] . . . declared that, '[i]n accordance with section 236 of the [INA] . . ., you are being released on your own recognizance provided you comply with [certain] conditions.'"). Even assuming, however, that Mamo was conditionally paroled pursuant to § 236(a)(2)(B), the BIA did not err in dismissing the appeal, for the reasons set forth below.

236(a)(2)(B) of the Act is a distinct and different procedure from 'parole' under section 212(d)(5)(A) and that the respondent is not eligible to adjust his status under section 245(a) based on his conditional parole." Id. (quoting In re Castillo-Padilla, 25 I. & N. Dec. 257, 258 (BIA 2010)). We held that it was reasonable for the Board "to interpret the statute to allow aliens to adjust status if they were 'parole[d] into the United States' under § 212(d)(5)(A), which uses nearly identical phrasing, but not if they were released on 'conditional parole' under § 236(a)(2)(B)." Id. In addition, we examined the history of the relevant statutes and concluded that "[t]o allow aliens released on conditional parole under § 236 to adjust status under § 245 would frustrate Congress's intention to limit eligibility to refugees whose admission provides a public benefit or serves an urgent humanitarian purpose." Id. at 787. Ultimately, we concluded that conditional parole under § 236 does not constitute parole into the United States for purposes of adjustment of status under § 245(a).[4] Id.

In sum, because Mamo's arguments are foreclosed by our subsequent decision in Delgado-Sobalvarro, summary action is warranted. Accordingly, we will grant the Government's motion and deny the petition for review.

---

[4] Mamo argues that the Board violated his Fifth and Fourteenth Amendment rights by failing to adhere to an internal policy memorandum, issued by the INS General Counsel's Office in 1998, which stated that the release from custody of an applicant for admission, without resolution of his admissibility, is a parole. We disagree. See Ortega-Cervantes v. Gonzales, 501 F.3d at 1118-19 (noting that INS internal guidance memoranda are not binding authority and that the 1998 memorandum does not indicate that "every conditional parole under § [236(a)] necessarily constitutes a 'parole into the United States' within the meaning of § [245(a)].").